This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40739**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**RUBEN SANCHEZ,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals his three convictions for criminal sexual contact of a minor. We issued a calendar notice proposing to affirm. Defendant has responded with a motion to amend the docketing statement and a memorandum in opposition. We deny the motion to amend and we affirm Defendant's convictions.

**Motion to Amend**

**{2}** Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO 10] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) it is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{3}** Here, Defendant seeks to add the issue of whether there was a valid waiver of Defendant's right to a jury trial. [MIO 10] Specifically, Defendant claims that there needed to be an on-the-record showing that the waiver was knowingly and voluntarily made. However, constitutional rights may be waived; the right to a jury trial is not the sort of constitutional right that may be waived only in writing; and it need not be shown that Defendant was advised on the record regarding the waiver. *See State v. Singleton*, 2001-NMCA-054, ¶ 11, 130 N.M. 583, 28 P.3d 1124.

**{4}** Rule 5-605(A) NMRA states that a case should be tried by jury "unless the defendant waives a jury trial with the approval of the court and the consent of the state." Defendant in this case actually signed a waiver of his right to a jury trial, which included an approval by the court and consent of the State. [RP 112] As such, we do not deem Defendant's issue to be viable.

## Ineffective Assistance of Counsel/Harshness of Sentence

**{5}** Defendant does not include and further argument is support of these issues (issues 1 and 3 in the docketing statement). Accordingly, we deem these issues to be abandoned. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

## Sufficiency of the Evidence

**{6}** Defendant continues to challenge the sufficiency of the evidence to support his convictions for three counts of criminal sexual contact of a minor (CSCM). [MIO 9] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing

court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

**{7}**     Defendant was convicted on one count of CSCM in the second degree, based on a position of authority theory and the unlawful touching of Victim's unclothed intimate parts. *See* NMSA 1978, § 30-9-13(B)(2)(a) (2003). Defendant was also convicted of two counts of CSCM in the third degree, based on the same theory but where Victim was clothed. *See* § 30-9-13(C)(2)(a). [RP 215]

**{8}**     The State presented evidence that in August 2017 and again on or about March 2018, Defendant unlawfully touched the clothed breasts of Victim, who was between the ages of thirteen and eighteen. [RP 154, FOF Nos. 8-9; MIO 3] The State also presented evidence that on or about January 2018 Defendant unlawfully touched the unclothed vagina of Victim. [RP 154-55, FOF 101; MIO 4] Victim testified in support of the accusation, although she could not specify exact dates. [MIO 4-5] The credibility of her testimony was a matter to be determined by the fact-finder and not this Court. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{9}**     Our calendar notice addressed Defendant's challenge to the Victim's inability to specify the precise dates of these incidents by noting that such specificity is not required to support the convictions, and Victim testified to the general dates at issue. *See State v. Lente*, 2019-NMSC-020, ¶¶ 61-62, 67-70, 453 P.3d 416 (holding that evidence will be sufficient where child victims provide the general time period of occurrence). In response, Defendant points to his own requested findings, which stated that there were lapses in Victim's memory and an inability to recall more details of the underlying incidents. [MIO 7-8, 9-10] Defendant argues that the audio log is too ambiguous to fully review the testimony, and he requests that we place this case on the general calendar. [MIO 9-10, 16] However, this Court does not assign cases to the general calendar on speculation that the record will reveal error. *See State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("In light of our determination that the facts set out in [the appellant]'s docketing statement and memorandum in opposition provide sufficient facts for review of [the] issue, reassignment to a nonsummary calendar would serve no purpose other than to allow appellate counsel to pick through the record."); *see also Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**{10}**     For the reasons set forth above, we affirm.

**{11}** IT IS SO ORDERED.

ZACHARY A. IVES, Judge

WE CONCUR:

JENNIFER L. ATTREP, Chief Judge

SHAMMARA H. HENDERSON, Judge